[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14481
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00077-ACC-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM BOSWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Adam Blake Boswell appeals his convictions for six counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of transportation of property obtained through fraud, in violation of 18 U.S.C. § 2314.  He presents one issue: whether the District Court committed plain error in failing to enter a judgment of acquittal *sua sponte* at the close of all the evidence.

Ordinarily, we review *de novo* whether sufficient evidence supports a conviction, drawing all reasonable factual inferences from the evidence in favor of the verdict.  *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009). Evidence is sufficient if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt.  *Id*.  However, where, as here, the defendant unsuccessfully moves for a judgment of acquittal at the close of the Government's case in chief, then presents evidence in his own defense and thereafter fails to renew the motion for judgment of acquittal, we will reverse his conviction only if there is a "manifest miscarriage of justice," such that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006) (quotation omitted). Moreover, where the defendant raises a sufficiency argument on appeal that was not specifically raised below, we review that issue for plain error.  *United States v. Joseph*, 709 F.3d 1082, 1103 (11th Cir. 2013).  Plain error is: (1) an error; (2) that is plain; and (3) affects substantial rights; but only if (4) the error seriously affects

2

the fairness, integrity, or public reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

Wire fraud is a crime which punishes anyone who:

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . . .

18 U.S.C. § 1343. The elements of wire fraud are thus: (1) intentional participation in a scheme to defraud, and (2) the use of interstate wires in furtherance of the scheme. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).

It is also illegal for a person to "transport[], transmit[], or transfer[] in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud . . . ." 18 U.S.C. § 2314. Even though it is not explicitly stated in the statute, it is also a violation of § 2314 to cause the transportation of a qualifying good or item. *United States v. Block*, 755 F.2d 770, 774 (11th Cir. 1985).

The fraud underpinning Boswell's convictions in this case occurred through his participation on eBay. In March 2008, eBay user "goingfast3," which was

3

registered to Boswell, listed 110 groups of Krugerrand gold coins for auction. Boswell received payment from the auction winners and spent their money, but he did not send them the coins.

In appealing his convictions for the § 2314 offenses, Boswell only argues that there was insufficient evidence linking him to the fraud. He correctly observes that none of his victims saw him in person. He ignores, however, the evidence that he used the proceeds of the fraud to purchase real estate. Since the jury was entitled to rely on such evidence, he has not demonstrated that a manifest miscarriage of justice would result if we affirmed § 2314 convictions.

As to the § 1343 wire fraud offenses, Boswell argues, for the first time on appeal, that there was not enough evidence to establish that he intended to defraud the victims, because the victims never actually sent him any money. The act constituting the wire fraud was Boswell's inducement of the victims' electronic bids through a fraudulent listing on eBay, a website where users can list items for auction and other users can place electronic bids on those items. By listing South African gold Krugerrands for auction, Boswell solicited bids, and the high bidder expected to receive the coins. The fact that Boswell did not have the coins, or, if he did, that he did not intend to send the coins to the victims, was established by the testimony and evidence of numerous other victims who bid on Boswell's eBay auctions during the same time period. The fact that one witness testified that he

4

received Krugerrands bought from Boswell in an eBay auction a month earlier failed to establish that the jury's verdicts were not based upon inferences reasonably drawn from the evidence.  In sum, sustaining the § 1342 convictions would not result in a manifest miscarriage of justice.

AFFIRMED.